**In re Frank R. FRANCOSKY and Barbara L. Francosky, Debtors.**

**Bankruptcy No. 92–15791.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Aug. 23, 1995.

Charles A. Nemer, Ford L. Noble and Daniel G. Morris, Cleveland, OH, for debtors.

Waldemar J. Wojcik, Trustee, Cleveland, OH.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This action comes before the Court on Attorney Ford L. Noble's Motion for Allowance of Attorney's Fees, Administrative Expenses, and Client Fees. Attorneys Ford L. Noble and Daniel G. Morris seek reimbursement for themselves for legal fees amounting to $10,000.00 and administrative expenses for Debtor Frank Francosky in the amount of $1,538.75.

Attorneys Noble and Morris (Applicants) represented Debtor Frank Francosky in a lawsuit against Third Federal Savings prepetition. On October 22, 1992 the Francoskys filed a voluntary Chapter 7 bankruptcy petition. The Applicants continued to work on the lawsuit postpetition on a contingency fee arrangement. In the pursuit of this litigation, Mr. Francosky also contributed $1,538.75 for litigation expenses. The Applicants assert that they provided assistance to the Trustee in the eventual settlement of the subject litigation. On July 7, 1995, the Appli-cants filed their motion seeking compensation for professional services rendered and for out-of-pocket expenses contributed by Mr. Francosky.

There are two dispositive issues before the Court. First, the Court must consider whether the Applicants may receive payment for services rendered pursuant to 11 U.S.C. 503(b)(3)(D) and (b)(9). Second, is the issue of whether Debtor Frank Francosky is entitled to compensation for out-of-pocket expenses advanced in the course of litigating a prepetition lawsuit.

The Applicants cite §§ 503(b)(3)(D) and (b)(9) of the Bankruptcy Code as the authority for this Court to award compensation for professional services rendered. The relevant parts of § 503(b)(3)(D) state:

> After notice and a hearing, there shall be allowed administrative expenses ... including—(3) the actual, necessary expenses ... incurred by—(D) a creditor, an indenture trustee, an equity security holder, or committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under *chapter 9 or 11* of this title.... (Emphasis added).

Since this proceeding is under Chapter 7, that section clearly does not apply herein.

Counsel also cites to § 503(b)(9) for authority to recover the compensation. That section simply does not exist under the Bankruptcy Code. Conceivably, Section 503(b)(4) may be the Code section the Applicants intended to cite; however, that section does not apply either. Section 503(b)(4) allows payment for expenses incurred by professionals who may recover under § 503(b)(3). As noted above, that section is not applicable in this Chapter 7 proceeding. Therefore, § 503(b)(4) also does not apply in this case.

Section 327(e) is applicable in this proceeding. That section states:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not

represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. (Emphasis added).

The Sixth Circuit Court of Appeals has specifically held a valid appointment under § 327 is a condition precedent to the allowance of compensation to professionals. *Michel v. Federated Department Stores, Inc. (In re Federated Department Stores, Inc.)*, 44 F.3d 1310 (6th Cir.1995). Herein, the Applicants never sought retention approval by this Court to participate postpetition in the subject litigation. Thusly, the Code requirements under § 327 were not complied with by the Applicants. The instant case is one for relief under Chapter 7. As such, a case trustee was duly appointed to administer the affairs of the Debtors' estate pursuant to pertinent provisions of § 704 of the Bankruptcy Code. 11 U.S.C. 704. To the extent a trustee requires other professionals to assist with the execution of those statutory duties, the trustee is required, pursuant to § 327 to seek approval of the Court before engaging assistance from others. Herein, the case trustee sought no such authorization from the Court and none was approved. For these reasons, the request for compensation by the Applicants is hereby denied.

■ No claim for such expenses, as a prepetition obligation, were ever filed against the estate. Lastly, the Applicants have provided no authority, statutory or otherwise, to support their proposition that litigation expenses incurred by the Debtors prepetition are payable from the Debtors' bankruptcy estate.

Accordingly, the Applicants' motion for fees and expenses is hereby denied. The request for reimbursement of out-of-pocket prepetition litigation expenses incurred by the Debtors is also denied.

IT IS SO ORDERED.

### JUDGMENT

At Cleveland, in said District, on this 23rd day of August, 1995.

A Memorandum Of Opinion And Order having been rendered by the Court in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Applicants' motion for fees and expenses, and for reimbursement of out-of-pocket prepetition litigation expenses incurred by the Debtors is denied.